IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SEDRICK DEWAYNE BOHANNON											PLAINTIFF

VS.												CIVIL ACTION NO. 3:13cv997-FKB

SHERIFF BILLIE SOLLIE and
MAJOR LORI ROBERTSON											DEFENDANT

OPINION AND ORDER

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement while at the Lauderdale County Detention Center as a pretrial detainee. Presently before the Court are the parties' motions for summary judgment. For the reasons stated herein, Plaintiff's motion is denied and Defendants' motion is granted.

Plaintiff's allegations, as set forth in his complaint and in his testimony at the omnibus hearing, are as follows. He claims that during his time at the jail, his cell was filthy, he was not given adequate cleaning supplies, toilets were frequently stopped up, there was frequently standing water in the showers, food trays were not cleaned properly, kitchen workers did not wear hairnets, his food sometimes contained human hair, and he did not receive sufficiently frequent haircuts. However, upon questioning, he admitted that his own toilet had worked at all times and that he did not have personal knowledge of whether kitchen workers wore hairnets when they are preparing food.

Plaintiff testified at the hearing that the reason he named Sheriff Sollie as a defendant was because the Sheriff was ultimately responsible for the jail. There is no respondeat superior liability under § 1983. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must prove that the defendant directly participated in the

denial of his constitutional rights. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). Plaintiff has failed to come forward with any evidence, or even allege, that Sheriff Sollie was aware of any problems at the detention center. Furthermore, in support of their motion, Defendants have submitted an affidavit in which Sheriff Sollie explains that he delegated the responsibility of overseeing the day-to-day operations of the jail to Defendant Laurie Robinson (sued as Lori Robinson), the jail administrator. Thus, Plaintiff has established no basis for holding Sheriff Sollie liable under § 1983.

Furthermore, Plaintiff's allegations fail to rise to the level of a constitutional violation. Pretrial detainees have a due process right not to be subjected to jail conditions that constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). "Punishment" is "usually the manifestation of an explicit policy or restriction." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 453 (5th Cir. 2009). However, it can also be manifested by a *de facto* policy if a pattern of conduct or condition is sufficiently extended or pervasive such that intent to punish may be presumed. *Id.* at 452. Proving the existence of a *de facto* policy "is a heavy burden." *Id.* Furthermore, the punishment is impermissible only if it bears no reasonable relationship to a legitimate governmental interest and if it causes a violation of a detainee's constitutional rights. *Duvall v. Dallas Cnty.,* 631 F.3d 203, 207 (5th Cir. 2011). A constitutional violation occurs when the complained of condition results in "serious deficiencies" in providing for the detainee's "basic human needs." *Shepherd*, 591 F.3d at 454.

The conditions of which Plaintiff complains were obviously very unpleasant. However, none rises to the level of depriving Plaintiff of his basic human needs.

Furthermore, Plaintiff's evidence is not sufficient to show that the conditions were so extended or pervasive that an intent to punish on the part of Defendants may be inferred from them.  The Court concludes that Defendants are entitled to judgment as a matter of law on these claims.

     Defendants' motion is hereby granted, and Plaintiff's is denied.

     A separate judgment will be entered.

     So ordered and adjudged, this the 4th day of February, 2015.

                                      /s/ F. Keith Ball
                                      UNITED STATES MAGISTRATE JUDGE